JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1493 AG (JPRx) | Date | September 25, 2013 |
|---|---|---|---|
| Title | DAS PROPERTY HOLDINGS, LLC V. SIMONA SUD. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

**Proceedings:        [IN CHAMBERS] ORDER REMANDING CASE**

DAS Property Holdings, LLC, ("Plaintiff") filed a Complaint for unlawful detainer against Defendant Simona Sud ("Defendant") in Orange County Superior Court.  The Complaint seeks to evict Defendant from foreclosed property ("Property") and requests related damages.

Defendant filed a Notice of Removal ("Notice") to remove the unlawful detainer action to this Court.  (Notice, Dkt. No. 1.)  Defendant claims that removal is proper under 28 U.S.C. § 1441 and asserts that this Court has federal question jurisdiction of this case under the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), 12 U.S.C. § 5220 *et seq*.  (Notice at 1.)

Courts have repeatedly held that PTFA does not provide a claim for relief, and does not confer federal subject matter jurisdiction.  *See, e.g., Wells Fargo Bank v. Lapeen*, No. C 11–01932 LB, 2011 WL 2194117, at *4 (N.D. Cal. June 6, 2011) (finding that PFTA did not provide a federal claims for relief or confer federal subject matter jurisdiction)*; Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov.22, 2010) (same); *SD Coastline LP v. Buck*, No. 10CV2108 MMA (NLS), 2010 WL 4809661, at *2-3 (S.D. Cal. Nov.19, 2010) (same); *U.S. v. Lopez*, No.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1493 AG (JPRx) | Date | September 25, 2013 |
|---|---|---|---|
| Title | DAS PROPERTY HOLDINGS, LLC V. SIMONA SUD. | | |

2:10-cv-02438 WBS KJN PS, 2010 WL 523301, at *3 (E.D. Cal. Dec. 16, 2010) (same); *Zalemba v. HSBC Bank, USA, Nat. Ass'n.*, No. 10-cv-1646 BEN (BLM), 2010 WL 3894577, at *1 (S.D. Cal. Oct. 1, 2010) (same); *Nativi v. Deutsche Bank Nat. Trust Co.*, No. 09-06096 PVT, 2010 WL 2179885, at *2-5 (N.D. Cal. May 26, 2010) (same); *Aurora Loan Servs., LLC v. Martinez,* No. C10-01260 HRL, 2010 WL 1266887, at *1 (N.D. Cal. Mar. 29, 2010) (same).

Further, federal questions conferring jurisdiction "must be disclosed on the face of the complaint, unaided by the answer or by the petition for removal." *California ex rel. Lockyer v. Dynergy, Inc.*, 375 F.3d 831, 893 (9th Cir. 2004) (quoting *Gully v. First Nat'l Bank in Meridian*, 399 U.S. 109, 112 (1936)). Because the federal statutes here appear in the Notice, and not in Plaintiff's Complaint, Plaintiff's action does not "aris[e] under" a federal statute.

Finally, Defendant's Notice also alleges removal is appropriate on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 under the artful pleading doctrine. However, the unlawful detainer claim appears to be properly pled.

This case is thus REMANDED to the California Superior Court, County of Orange.

In closing, the Court reminds Defendant that "[s]peedy adjudication is desirable [in unlawful detainer actions] to prevent subjecting the landlord to undeserved economic loss and the tenant to unmerited harassment and dispossession when his lease or rental agreement gives him the right to peaceful and undisturbed possession of the property." *Lindsey v. Normet*, 405 U.S. 56, 73 (1972). Improper removal of unlawful detainer cases harms the interests stated in *Lindsey*. Defendant is cautioned not to improperly seek federal jurisdiction, particularly for delay. *See Newman & Cahn, LLP v. Sharp*, 388 F. Supp. 2d 115, 119 (E.D.N.Y. 2005) (finding that a removal was "frivolous and unwarranted," but declining to order sanctions against the removing party "because she [was] pro se," though warning her "that the filing of another frivolous paper with the Court may result in monetary sanctions under Rule 11").

JS - 6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1493 AG (JPRx) | Date | September 25, 2013 |
|---|---|---|---|
| Title | DAS PROPERTY HOLDINGS, LLC V. SIMONA SUD. | | |

The Court also notes that Defendant is representing herself without a lawyer.  People who represent themselves in court without a lawyer are called "pro se litigants."  Whether acting as plaintiffs or defendants, pro se litigants in federal court face special challenges. The Public Law Center runs a Federal Pro Se Clinic at the Santa Ana federal courthouse where pro se litigants can get free information and guidance.  Visitors to the clinic must make an appointment by calling (714) 541-1010 (x222).  The clinic is located in Room 1055 of the Ronald Reagan Federal Building and United States Courthouse, 411 W. 4th Street, Santa Ana, CA.  For more information about the clinic, visit http://court.cacd.uscourts.gov/cacd/ProSe.nsf and select "Pro Se Clinic - Santa Ana."

## DISPOSITION

Defendant fails to establish that federal jurisdiction exists over this case.  Thus, the case is REMANDED to the appropriate state court.

_____ : ___0___

Initials of
Preparer            lmb